Che L. Hashim (State Bar No. 238565)
**LAW OFFICES OF CHE L. HASHIM**
861 Bryant Street
San Francisco, CA 94103
Telephone:   (415) 487-1700
Facsimile:   (415) 431-1312

Attorney for Plaintiffs
THOMAS WAGNER
TAMMY WAGNER

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS WAGNER<br>TAMMY WAGNER,<br>    Plaintiff,<br><br>vs.<br><br>**CITY OF STOCKTON POLICE DEPARTMENT**, a municipal corporation;<br>**BLAIR ULRING**, in his capacity of chief of police for CITY OF STOCKTON;<br>**MARK BERG** (Stockton Police Department Star #0486);<br>**JEFFERY TACAZON** (Stockton Police Department Star #1395);<br>**MICHELLE GUTHRIE** (Stockton Police Department Star #1524);<br>**DOES 1-20** inclusive, individually and in their capacities as POLICE OFFICERS for the CITY OF STOCKTON;<br><br>    Defendants. | Case No.:<br><br>COMPLAINT FOR DAMAGES<br>(42 U.S.C §§ 1983; and pendant tort claims)<br><br>JURY TRIAL DEMANDED |

## **INTRODUCTION**

1.  This is an action for damages brought pursuant to Title 42 U.S.C § 1983, and the

    First, Fourth, and Fourteenth Amendments to the United States Constitution,

    under California Civil Code § 52.1, and under the common law of California.

1    This action is against the CITY OF STOCKTON, a municipality, the CITY OF STOCKTON POLICE DEPARTMENT, a municipal entity, and individual officers of the CITY OF STOCKTON POLICE DEPARTMENT, individually and in their capacities as Stockton Police Department Officers.

2. It is also alleged that these alleged violations and torts were committed due to policies and customs of the CITY OF STOCKTON POLICE DEPARTMENT.

## JURISDICTION

3. This action arises under 42 U.S.C § 1983.  Jurisdiction is conferred upon this court by 28 U.S.C §§ 1331, 1343 and 28 U.S.C. 1367(a).  A state claim was filed pursuant to California Government Code § 910 et seq.

## PARTIES

4. Plaintiff THOMAS WAGNER (hereinafter "Plaintiff" or "THOMAS") is a competent adult, and at all times mentioned herein was a resident of Stockton, California, and a United States citizen.

5. Plaintiff TAMMY WAGNER (hereinafter "Plaintiff" or "TAMMY") is a competent adult, and at all times mentioned herein was a resident of Stockton, California, and a United States citizen.

6. Defendant CITY OF STOCKTON POLICE DEPARTMENT is and at all times mentioned herein is and was a municipal entity duly organized and existing under the laws of the State of California.

7. At all times mentioned herein, BLAIR ULRING, chief of CITY OF STOCKTON POLICE DEPARTMENT (hereinafter "CHIEF" or "DEFENDANT ULRING" or "ULRING"), is sued in his individual and official capacities.

8. Defendant MARK BERG (hereinafter "DEFENDANT BERG" or "BERG") is a competent adult and at all times mentioned herein was a Police Officer for the

CITY OF STOCKTON POLICE DEPARTMENT.

9. Defendant JEFFERY TACAZON (hereinafter "DEFENDANT TACAZON" or "TACAZON") is a competent adult and at all times mentioned herein was a Police Officer for the CITY OF STOCKTON POLICE DEPARTMENT.

10. Defendant MICHELLE GUTHRIE (hereinafter "DEFENDANT GUTHRIE" or "GUTHRIE") is a competent adult and at all times mentioned herein was a Police Officer for the CITY OF STOCKTON POLICE DEPARTMENT.

11. PLAINTIFFS are ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 20, inclusive, and therefore sue said defendants by such fictitious names. PLAINTIFFS will amend this complaint to allege their true names and capacities when ascertained. PLAINTIFFS believe and allege that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth.  Each defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy, and false arrests. Plaintiffs will ask leave to amend this complaint subject to further discovery.

12. Each of the DEFENDANTS and DOES 1-20, is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission.

13. In doing the acts alleged herein, Defendants, and each of them acted within the course and scope of their employment for the CITY OF STOCKTON POLICE DEPARTMENT.

14. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

15. Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, and employee and/or in concert with each of said other defendants herein.

**FACTS**

16. On December 1, 2010, Plaintiffs THOMAS and TAMMY were at home when Officers from the CITY OF STOCKTON POLICE DEPARTMENT responded to PLAINTIFFS' next-door neighbor's apartment to investigate a report of domestic violence.

17. After the arrival of the officers, TACAZON interviewed TAMMY, and TAMMY indicated that she had witnessed the argument between the subject male and female, and corroborated the male's statement about how the female got her injuries. TAMMY also told TACAZON that the female is the party that ususally insitgates arguments between herself and the subject male.

18. During the investigation, TAMMY told BERG that she thought the subject female was lying about the incident. During a separate interaction during the investigation, THOMAS asked BERG about getting a restraining order against the subject female. During this time the subject female began a verbal argument with TAMMY.

19. At some point during the verbal argument between TAMMY and the subject female, both parties were told by BERG to go into their respective residences. THOMAS and TAMMY complied with BERG'S command, and stated to BERG that they were unhappy with the way the CITY OF STOCKTON POLICE DEPARTMENT handled calls for service. Immediately following these comments, and because of them, and with THOMAS and TAMMY standing

COMPLAINT FOR DAMAGES
WAGNER, WAGNER v. CITY OF STOCKTON

- 4 -

inside their residence with the door slightly ajar, BERG stated to THOMAS "I'll kick your ass."

20. Immediately thereafter, THOMAS exited his residence and requested BERG'S credentials, at which point he, because of his request and not as a result of any physically aggressive actions on his part, was immediately tackled by BERG, GUTHRIE and TACAZON. THOMAS was compliant physically and verbally indicated that he was not trying to resist; nevertheless THOMAS was handcuffed and pepper-sprayed directly into his eyes by TACAZON.

21. During the assault on her husband, TAMMY exited her residnece and attempted to verbally indicate to the officers that THOMAS was not resisting. TAMMY was immediately tackled by GUTHRIE, and pepper-sprayed.

22. During this entire incident, THOMAS and TAMMY'S children, two (2) and five (5) years old were inside their residence. Upon TAMMY'S handcuffing, GUTHRIE, indicated that they would be taken to Mary Graham Hall, a juvenile detention facility. TAMMY immediately responded that the children's grandparents lived in the immediate area and that they could be placed with them.

23. BERG, GUTHRIE and TACAZON all participated in the seirzure and arrest of PLAINTIFFS.

24. Thereafter, THOMAS' father. Thomas Wagner, Sr., was contacted by DOE 1 in an attempt to ascertain whether arrangements could be made for him to care for the children folllwing their parents' arrest. Thomas Wagner, Sr. was told by DOE 1 he would not be permitted to receive the children despite his expressed willingness and ability to respond to the scene within minutes of the notification.

25. After the conversation between DOE 1 and THOMAS' father, BERG, GUTHRIE and TACAZON openly taunted THOMAS, stating that his children would be

taken to a foster home and he would never see them again. THOMAS wept openly as a result of these comments, which only caused BERG, GUTHRIE and TACAZON to reiterate those threats, causing THOMAS to weep uncontrollably during his detention at the scene.

26. At some point, DOE 2 decided to lodge TAMMY and THOMAS' children with the subject female with whom TAMMY argued, and against whom THOMAS indicated he wanted to get a restraining order.

27. During the booking procees neither THOMAS nor TAMMY were offered phone calls to arrange for care of their children, despite the fact that all DEFENDANTS knew or should have known that children were present when THOMAS and TAMMY were arrested.

28. Upon THOMAS' return to his residence after booking, he found that his children had been left with the subject female against whom he had earlier indicated he wanted to get a restraining order and was extremely distraught. THOMAS had not been notified of the lodging of his children with this person, nor would any reasonable person believe that he would have consented to such a temporary custody decision. TAMMY returned home soon after and was informed of where the children were found. She too became extremely distraught.

29. THOMAS was charged with crimes which were dismissed on the date of his arraignment. TAMMY was never charged with a crime.

30. THOMAS' physical injures resulting from the incident included lacerations, swelling, bruising, chest pain, anxiety and terror.

31. TAMMY'S physical injures resulting from the incident included lacerations, swelling, bruising, chest pain, anxiety and terror.

Content:

**FIRST CAUSE OF ACTION**
(42 U.S.C. § 1983- VIOLATION OF FOURTH AMENDMENT)
(BY **ALL PLAINTIFFS** AGAINST
**ALL DEFENDANTS** HEREIN AND DOES 1 through 20)

32. PLAINTIFFS re-allege and incorporate by reference paragraphs 1 through 31.

33. DEFENDANTS' above-described conduct violated PLAINTIFF'S right to be free from excessive and/or arbitrary force and unreasonable seizure without reasonable or probable cause, or due process, under the Fourth and Fourteenth Amendments to the United States Constitution.

34. As a proximate result of the foregoing wrongful acts of DEFENDANTS, PLAINTIFFS have sustained, and will in the future sustain, pecuniary loss and other compensable injuries.

35. As a further proximate result of the acts of DEFENDANTS, PLAINTIFFS suffered general damages including pain and suffering.

36. In doing the foregoing wrongful acts Defendants, and each of them, acted in reckless and callous disregard for the constitutional rights of PLAINTIFFS. The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**SECOND CAUSE OF ACTION**
(42 U.S.C. § 1983- VIOLATION OF FOURTEENTH AMENDMENT)
(BY **ALL PLAINTIFFS** AGAINST
**DEFENDANTS BERG, GUTHRIE** AND DOES 1 through 20)

37. PLAINTIFFS re-allege and incorporate by reference paragraphs 1 through 36.

38. Defendants' above-described conduct violated PLAINTIFFS' liberty interest in the companionship, care, custody and management of their children, guaranteed

under the substantive due process clause of the Fourteenth Amendment to the United States Constitution.

39. As a proximate result of the foregoing wrongful acts of DEFENDANTS, PLAINTIFFS have sustained, and will in the future sustain, pecuniary loss and other compensable injuries.

40. As a further proximate result of the acts of DEFENDANTS, PLAINTIFFS suffered general damages including pain and suffering.

41. In doing the foregoing wrongful acts Defendants, and each of them, acted in reckless and callous disregard for the constitutional rights of PLAINTIFFS. The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
(42 U.S.C. § 1983- VIOLATION OF FIRST AMENDMENT)
(BY **ALL PLAINTIFFS** AGAINST
**DEFENDANT BERG** AND DOES 1 through 20)

42. PLAINTIFFS re-allege and incorporate by reference paragraphs 1 through 41.

43. Defendants' above-described conduct violated PLAINTIFFS' rights to petition government for a redress of grievances, under the First Amendment to the United States Constitution.

44. As a proximate result of the foregoing wrongful acts of DEFENDANTS, PLAINTIFFS have sustained, and will in the future sustain, pecuniary loss and other compensable injuries.

45. As a further proximate result of the acts of DEFENDANTS, PLAINTIFFS suffered general damages including pain and suffering.

46. In doing the foregoing wrongful acts Defendants, and each of them, acted in

reckless and callous disregard for the constitutional rights of PLAINTIFFS. The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION
(VIOLATION OF CALIFORNIA CIVIL CODE, § 52.1)
(BY **ALL PLAINTIFFS** AGAINST
**ALL DEFENDANTS** HEREIN AND DOES 1 through 20)

47. PLAINTIFFS re-allege and incorporate by reference paragraphs 1 through 46.

48. Defendants' above-described conduct constituted interference and attempted interference with Plaintiff's peaceable exercise and enjoyment of rights secured by the laws of the United States Constitution and the State of California in violation of California Civil Code § 52.1, including, but not limited to, the right to be free from unreasonable searches and seizures by the use of excessive and arbitrary force or detention and/or arrest without reasonable suspicion or probable cause; the right to petition government for a redress of grievances; the right to companionship, care, custody, and management of children; the right to phone calls to arrange for child care during the booking process under Penal Code section 851.5(c) and (d).

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

//
//
//
//
//

**FIFTH CAUSE OF ACTION**
(ASSAULT)
(BY **ALL PLAINTIFFS** AGAINST
**ALL DEFENDANTS** HEREIN AND DOES 1 through 20)

49.   PLAINTIFFS re-allege and incorporate by reference paragraphs 1 through 48.

50.   DEFENDANTS had a duty to act reasonably and not engage in conduct, which causes individuals to reasonably fear imminent offensive harmful touching.

51.   DEFENDANTS acted unreasonably and breached the aforementioned duty, because they used excessive force on PLAINTIFFS.

52.   As a proximate result of DEFENDANTS' breach of duty, PLAINTFFS were placed in fear of an immediate harmful offensive touching.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**SIXTH CAUSE OF ACTION**
(BATTERY)
(BY **ALL PLAINTIFFS** AGAINST
**ALL DEFENDANTS** HEREIN AND DOES 1 through 20)

53.   PLAINTIFFS re-allege and incorporate by reference paragraphs 1 through 52.

54.   DEFENDANTS had a duty to act reasonably and not engage in conduct, which causes harmful offensive touching to an individual's person.

55.   DEFENDANTS acted unreasonably and breached the aforementioned duty when, amongst other unreasonable actions, BERG, GUTHRIE and TACAZON tackled THOMAS, when TACAZON pepper-sprayed THOMAS, when GUTHRIE tackled TAMMY, and when GUTHRIE pepper-sprayed TAMMY.

56.   As a proximate result of DEFENDANTS' breach of duty, PLAINTIFFS were injured and suffered damages as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**SEVENTH CAUSE OF ACTION**
(FALSE IMPRISONMENT)
(BY **ALL PLAINTIFFS** AGAINST
**ALL DEFENDANTS** HEREIN AND DOES 1 through 20)

57. PLAINTIFFS re-allege and incorporate by reference paragraphs 1 through 56.

58. DEFENDANTS and DOES 1-20 inclusive, in their individual capacities, and official capacities as employees of the CITY OF STOCKTON POLICE DEPARTMENT, falsely arrested and imprisoned PLAINTIFFS without probable cause.

59. DEFENDANTS and DOES 1-20, inclusive, failed to observe proper procedures in falsely imprisoning PLAINTIFFS without probable cause. The DEFENDANTS exceeded the limits of their authority as a police officer in falsely arresting and imprisoning the PLAINTIFFS without probable cause.

60. As a proximate result of DEFENDANTS conduct, PLAINTIFFS have suffered damages as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**EIGHTH CAUSE OF ACTION**
(NEGLIGENCE)
(BY **ALL PLAINTIFFS** AGAINST
**ALL DEFENDANTS** HEREIN AND DOES 1 through 20)

61. PLAINTIFFS re-allege and incorporate by reference paragraphs 1 through 60.

62. DEFENDANTS and DOES 1-20 inclusive, in their individual capacities, and official capacities as employees of the CITY OF STOCKTON POLICE DEPARTMENT, negligent actions and/or negligent failures to act, as set forth herein above proximately caused the emotional, physical and financial injuries visited upon PLAINTIFFS.

63. PLAINTIFFS bring this action and claim for damages from, said DEFENDANTS for negligent actions and failure to act, and resulting injuries and damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**NINTH CAUSE OF ACTION**
(INFLICTION OF EMOTIONAL DISTRESS)
(BY **ALL PLAINTIFFS** AGAINST
**ALL DEFENDANTS** HEREIN AND DOES 1 through 20)

64. PLAINTIFFS re-allege and incorporate by reference paragraphs 1 through 63.

65. DEFENDANTS and DOES 1-20 inclusive, in their individual capacities, and official capacities as employees of the CITY OF STOCKTON POLICE DEPARTMENT, caused negligent infliction of emotional distress that included, but was not limited to, mental abuse. The mental abuse caused THOMAS and TAMMY to reasonably fear for their safety. The physical and mental abuse resulted in THOMAS and TAMMY suffering severe emotional distress with attendant physical manifestations.

66. PLAINTIFFS bring this action against, and claim for damages from, said DEFENDANTS for negligent infliction of emotional distress, and resulting injuries and damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**TENTH CAUSE OF ACTION**
(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)
(BY **ALL PLAINTIFFS** AGAINST
**ALL DEFENDANTS** HEREIN AND DOES 1 through 20)

67. PLAINTIFFS re-allege and incorporate by reference paragraphs 1 through 66.

68. DEFENDANTS and DOES 1-20 inclusive, in their individual capacities, and

official capacities as employees of the CITY OF STOCKTON POLICE DEPARTMENT, caused intentional infliction of emotional distress that included, but was not limited to, mental abuse. The mental abuse caused THOMAS and TAMMY to reasonably fear for their safety. The physical and mental abuse resulted in THOMAS and TAMMY suffering severe emotional distress with attendant physical manifestations.

69. PLAINTIFFS bring this action against, and claim for damages from, said DEFENDANTS for negligent infliction of emotional distress, and resulting injuries and damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

COMPLAINT FOR DAMAGES
WAGNER, WAGNER v. CITY OF STOCKTON

## JURY DEMAND

70. Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiffs pray for relief, as follows:

1. For general damages in a sum of $500,000.00, as to each Plaintiff;

2. For special damages in a sum according to proof, as to each Plaintiff;

3. For punitive damages in a sum according to proof, as to each Plaintiff;

4. For reasonable attorney's fees, as to each Plaintiff;

5. For cost of suit herein incurred, as to each Plaintiff; and

6. For such other and further relief as the Court deems just and proper, as to each Plaintiff.

Dated this 20 September, 2011            **LAW OFFICES OF CHE L. HASHIM**

**/S/ CHE L. HASHIM**
**CHE L. HASHIM**
**861 Bryant Street**
**San Francisco, CA 94103**
**415/487-1700**
**415/431-1312 (fax)**
che.hashim.esq@gmail.com
**Attorney for Plaintiffs**
**THOMAS WAGNER**
**TAMMY WAGNER**