```
 1  JOHN M. LUEBBERKE, City Attorney
    State Bar No. 164893
 2  JAMES F. WILSON, Deputy City Attorney
    State Bar No. 107289
 3  425 N. El Dorado Street, 2nd Floor
    Stockton, CA  95202
 4  Telephone: (209) 937-8333
    Facsimile: (209) 937-8898
 5
    Attorneys for Defendants
 6  CITY OF STOCKTON POLICE DEPARTMENT, and
    BLAIR ULRING, MARK BERG, JEFFERY TACAZON,
 7  and MICHELLE GUTHRIE

 8  CHE L. HASHIM, Esq.
    State Bar No. 238565
 9  861 Bryant Street
    San Francisco, California 94103
10  Telephone: (415) 487-1700
    Facsimile: (415) 431-1312
11
    Attorney for Plaintiffs
12  THOMAS WAGNER and TAMMY WAGNER
```

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| THOMAS WAGNER, TAMMY WAGNER, | ) | Case No. 2:11-CV-02490-TLN-EFB |
|---|---|---|
| Plaintiffs, | ) ) ) | **STIPULATION AND ORDER TO PROTECT CONFIDENTIAL INFORMATION** |
| vs. | ) ) | Assigned to Judge Troy L. Nunley |
| CITY OF STOCKTON POLICE DEPARTMENT, a municipal Corporation; BLAIR ULRING, in his capacity of chief of police for CITY OF STOCKTON; MARK BERG (Stockton Police Department Star #0486); JEFFERY TACAZON (Stockton Police Department Star #1395); MICHELLE GUTHRIE (Stockton Police Department Star #1524); DOES 1-20 inclusive, individually and in their capacities as POLICE OFFICERS For the CITY OF STOCKTON, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## STIPULATION

Plaintiffs THOMAS WAGNER and TAMMY WAGNER and Defendants CITY OF STOCKTON POLICE DEPARTMENT, [former] CHIEF BLAIR ULRING and OFFICERS

1

MARK BERG, JEFFERY TACAZON and MICHELLE GUTHRIE, by and through their undersigned counsel of record, and subject to the approval of the court, stipulate to the following Protective Order as set forth below:

1. In connection with any discovery proceedings in this action, the parties may agree or the Court may direct that any document, thing, material, testimony or other information derived therefrom, be designated as "Confidential" under the terms of this Stipulated Protective Order ("Order"). Confidential information is information which has not been made public and is privileged and confidential and protected from public disclosure under applicable Federal or California State laws.

2. Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

3. Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or documents derived in whole or in part from material designated as confidential ("confidential material") shall be used only for the purpose of the prosecution, defense, or settlement of this action (Thomas Wagner, et al. v. Stockton Police Department, et al., Case No. 2:11-CV-02490-TLN-EFB), and for no other purpose.

4. Confidential material produced pursuant to this Order may be disclosed or made available only to the court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel) and to the "qualified persons" designated below:

    a. Experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense or settlement of this action;

    b. Court reporters employed in this action;

    c. A witness at any deposition or proceedings in this action; and

    d. Any other person as to whom the parties in writing agree.

Prior to receiving any confidential material, each "qualified person" shall be provided with a copy of this Order and shall execute a non-disclosure agreement in the form of

1  Attachment A, a copy of which shall be maintained by the counsel who is providing the
2  materials.

3      5.    The portion of any deposition in which confidential materials are discussed shall
4  be taken only in the presence of qualified persons, as defined above.

5      6.    Nothing herein shall impose any restrictions on the use or disclosure by a party of
6  material obtained by such party independent of discovery in this action, whether or not such
7  material is also obtained through discovery in this action, or from disclosing its own confidential
8  material as it deems appropriate.

9      7.    Receipt by any party of any confidential information does not constitute, nor is it
10  to be construed to be, a waiver of any privilege or evidentiary objection, State or Federal.

11      8.    ~~If confidential material, including any portion of a deposition transcript designated~~
12  ~~as confidential is included in any papers to be filed in court, such papers shall be labeled~~
13  ~~"CONFIDENTIAL-SUBJECT TO COURT ORDER" and filed under seal until further order of~~
14  ~~this court. Each envelope containing confidential material shall be endorsed with the title and~~
15  ~~case number of this action, and indication of the nature of said sealed envelope, a legend~~
16  ~~"CONFIDENTIAL-DESIGNATED BY COUNSEL," and a statement substantially in the~~
17  ~~following form: "This envelope containing documents which are filed in this case is not to be~~
18  ~~opened, nor the contents thereof to be displayed or revealed except by order of the court."~~
19  ~~Except, however, that any papers served on counsel for the parties need not include separate~~
20  ~~sealed envelopes for confidential materials.~~ This stipulation and order does not entitle the parties
21  to file confidential information under seal.  Local Rule 141 sets forth the procedures that must be
22  followed and the standards that will be applied when a party seeks permission from the court to
23  file material under seal.

24      9.    This Order shall be without prejudice to the right of the parties 1) to bring before
25  the court at any time the question of whether any particular document or information is
26  confidential or whether its use shall be restricted; or 2) to present a motion to the court under
27  Federal Rule of Civil Procedure 26(c) for a separate protective order as to any particular
28  document or information, including restrictions different from those as specified herein. This

1  Order shall not be deemed to prejudice the parties in any way in any future application for
2  modification of this Order.

3      10.    Nothing in this Order nor the production of any information or document under
4  the terms of this Order nor any proceedings pursuant to this Order, shall be deemed to have the
5  effect of an admission or waiver of objections or privileges by either party or of altering the
6  confidentiality or non-confidentiality of any such document or information or altering any
7  existing right or obligation of any party or the absence thereof.

8      11.    This Order shall survive the final termination of this action, to the extent that the
9  information contained in confidential material is not or does not become known to the public and
10 the court shall retain jurisdiction to resolve any dispute concerning the use of information
11 disclosed hereunder.  Within ninety (90) days of the dismissal or entry of final judgment in this
12 action, whichever occurs first, each party shall return to the producing party all confidential
13 materials and any and all copies thereof.

14 **IT IS SO STIPULATED.**

15 Dated:      LAW OFFICE OF CHE L. HASHIM

16     BY  */s/ Che L. Hashim*
    CHE L. HASHIM

    Attorneys for Plaintiffs
    Thomas Wagner, et al.

19 Dated:      JOHN M. LUEBBERKE
    CITY ATTORNEY

    BY  */s/ James F. Wilson*
    JAMES F. WILSON
    Deputy City Attorney

    Attorneys for Defendants
    CITY OF STOCKTON, et al.

**ORDER**

**Pursuant to stipulation, and as modified, IT IS SO ORDERED.**

Dated:  June 29, 2015.

    *[signature]*
    EDMUND F. BRENNAN
    UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

## **NON-DISCLOSURE AGREEMENT**

I, _____, do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order entered in *Thomas Wagner, et al. v. City of Stockton Police Department, et al.*, United States District Court for the Eastern District of California, Civil Action Case No. 2:11-CV-02490-TLN-EFB, and hereby agree to comply with and be bound by the terms and conditions of said Order, unless and until modified by further Order of this Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

Dated: _____

_____